**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANNY ANDRES FELIZ CUESTA,<br><br>*Plaintiff*,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>*Defendants*. | Civil Action No. 26-1683<br><br>**OPINION**<br><br>September 29, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Danny Andres Feliz Cuesta's ("Plaintiff") Motion for an Order to Show Cause for Preliminary Injunction and Defendants Markwayne Mullin, Todd Lyons, Ruben Perez, and Todd Blanche's (collectively, "Defendants") Motion to Dismiss the Complaint and Opposition to Plaintiff's Motion. (ECF 6, "Motion for a Preliminary Injunction" or "PI Mot."; ECF 13, "Motion to Dismiss" or "Mot.") Plaintiff opposed the Motion to Dismiss. (ECF 18, "Opposition" or "Opp.") Defendants filed a reply. (ECF 21, "Reply.") The Court has decided the Motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Motion for an Order to Show Cause for Preliminary Injunction is **DENIED** as **MOOT**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This matter arises out of Plaintiff Danny Andres Feliz Cuesta's immigration proceedings. Plaintiff is a citizen and native of the Dominican Republic who previously resided in Bloomfield, New Jersey. (Compl. ¶ 5.) He entered the United States on a B-2 visitor visa on March 19, 2012. (*Id.* ¶ 11; *see* ECF 1-1, "Ex. 1" at 11.) Plaintiff is married to a United States citizen. (Compl. ¶ 11; *see* Ex. 1 at 16.) Plaintiff pursued lawful permanent residence through family-based adjustment status, and on June 13, 2023, filed a Form I-485 Application to Register Permanent Residence or Adjust Status pursuant to 8 U.S.C. § 1255, and a Form I-130 Petition for Alien Relative. (Compl. ¶ 12; *see* Ex. 1 at 37-38.)

Plaintiff appeared for his adjustment interview on September 4, 2025. (Compl. ¶ 13.) At his interview, Plaintiff learned he had been previously placed in removal proceedings and that an Immigration Judge entered a final order of removal *in absentia* against him on March 13, 2019. (*Id.*) Plaintiff contends he never received the Notice to Appear ("NTA") initiating removal proceedings in 2019, nor did he receive any subsequent written Notice of Hearing informing him of the specific date and time of the March 13, 2019 hearing. (*Id.* ¶ 14.) Plaintiff was detained by Defendants at the end of his interview. (*Id.* ¶ 13.) He was initially held at the Delaney Hall Detention Facility in Newark, New Jersey, and later transferred to LaSalle Detention Facility in Jena, Louisiana. (*Id.* ¶ 18.)

United States Citizenship and Immigration Services ("USCIS") denied Plaintiff's I-485

---

[1] The facts and procedural history are drawn from the Complaint, (ECF 1, "Complaint" or "Compl."), and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

application on September 10, 2025, indicating that it lacked jurisdiction due to the *in absentia* removal order. (*Id.* ¶ 15; *see* ECF 1-2, "Ex. 2.") Plaintiff filed a motion to reopen his proceedings and rescind the *in absentia* removal order in New York Immigration Court on September 12, 2025. (Compl. ¶ 16; *see* Ex. 1 at 1-8.) Plaintiff's counsel provided Defendants with a date-stamped copy of the motion to reopen on that same day. (Compl. ¶ 17; *see* ECF 1-3, "Ex. 3.") When doing so, Plaintiff's counsel advised Defendants that the motion triggered an automatic stay of removal under 8 C.F.R. § 1003.23(b)(4)(ii) and requested that ICE ensure Plaintiff not be removed while the motion remained pending. (*Id.*)

On September 15, 2025, Plaintiff was deported to the Dominican Republic. (Compl. ¶ 19.) On September 22, 2025, the Immigration Judge granted Plaintiff's motion to reopen, concluding that the record corroborated his claim that he never received notice of the removal proceedings. (*Id.* ¶ 20; *see* ECF 1-4, "Ex. 4.") Plaintiff's removal proceedings have since been reopened and are pending before the Immigration Court. (Compl. ¶ 21.) As of the date of this Opinion, the case remains pending and no hearing date has been scheduled.[2] Since Plaintiff was deported, his counsel has made several efforts to secure his return to the United States. (*Id.* ¶¶ 22-26; *see* Ex. 3; ECF 1-5, "Ex. 5.")

### A. Procedural History

Plaintiff initiated this action against Defendants on February 19, 2026. (*See* Compl.) In his Complaint, Plaintiff alleges violations of his procedural due process rights (Count I), 8 C.F.R. § 1003.23(b)(1)(v), (b)(4)(ii), 8 U.S.C. § 1229a(b)(5)(C), and the *Accardi* doctrine (Count II), and Section 706(2)(A) of the Administrative Procedure Act ("APA") (Count III). (*See id.* ¶¶ 31-41.)

---

[2] *See* EOIR Automated Case Information, *available at* https://acis.eoir.justice.gov (last visited September 29, 2026).

Plaintiff subsequently filed a Motion for Order to Show Cause for a Preliminary Injunction on April 2, 2026. (PI Mot.) Defendants filed a Motion to Dismiss on May 11, 2026. (Mot.) Plaintiff opposed the Motion to Dismiss on June 15, 2026. (Opp.) Defendants filed a reply on June 29, 2026. (Reply.)

## II. <u>LEGAL STANDARDS</u>

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) permits courts to dismiss actions for lack of subject matter jurisdiction. Rule 12(b)(1) motions may challenge subject matter jurisdiction based upon the face of the complaint or its underlying facts. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009); *Pittman v. Metuchen Police Dept.*, No. 08-2373, 2009 WL 3207854, at *1 (D.N.J. Sept. 29, 2009). A facial attack questions the sufficiency of the pleading and requires the trial court to accept the allegations in the complaint as true. *See id.* A factual attack, by contrast, calls upon the court to weigh the evidence. *See Pittman*, 2009 WL 3207854, at *1. In assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1), courts apply the familiar 12(b)(6) standard. *Id.* ("In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim ….").

## III. <u>ANALYSIS</u>

### A. Subject Matter Jurisdiction Under §§ 1252(g) and 1252(b)(9)

#### 1. Section 1252(g) Does Not Strip This Court of Jurisdiction

Defendants argue that pursuant to 8 U.S.C. § 1252(g), this Court lacks subject matter jurisdiction over Plaintiff's claims because they concern discretionary executive actions taken in the execution of a removal order. (Mot. at 6.) Plaintiff argues that § 1252(g) "does not reach the

execution of a removal order Congress ha[s] stayed," and that the Court therefore maintains jurisdiction over his claims. (Opp. at 2.)

Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The United States Supreme Court has clarified that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (internal quotation marks omitted) (emphasis in original).

The Third Circuit and courts within it have reached different conclusions on whether § 1252(g) bars district courts from considering claims challenging the government's *authority* to commence proceedings, adjudicate cases, or execute removal orders, as opposed to its *discretion*. On the one hand, this Court and Circuit have drawn a distinction between the government's authority and discretion, holding that § 1252(g) does not bar claims challenging the government's statutory authority to undertake such actions. *Compare Avalos-Palma v. United States*, No. 13-5481, 2014 WL 3524758, at *8 (D.N.J. Jul. 16, 2014) (holding that § 1252(g) did not bar FCTA claims where the plaintiff challenged the government's authority to execute his removal order after ICE failed to obey the mandatory stay provision imposed by 8 C.F.R. § 1003.23(b)(4)(iii)(C)), *and Garcia v. Att'y Gen. of United States*, 553 F.3d 724, 726-29 (3d Cir. 2009) (holding that § 1252(g) did not bar FCTA claims where the plaintiff challenged the government's authority, not its discretionary decision, to commence deportation proceedings after the five-year limitation period codified in 8 U.S.C. § 1256(a) expired), *with Tazu v. Att'y Gen. of United States*, 975 F.3d 292, 297 (3d Cir. 2020) (finding that the court lacked jurisdiction over the plaintiff's claims under §

1252(g) because he challenged the Attorney General's discretion in executing a removal order, and "point[ed] to no flaw in the Attorney General's statutory authority to remove him"). The reasoning behind this line of cases is that while "the decision to execute removal orders [or commence proceedings or adjudicate cases] is a discretionary act on the part of the Attorney General," there is no discretion "when a federal statute mandates particular conduct on the part of the government." *Avalos-Palma*, 2014 WL 3524758, at *6-8 (citing *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). In other words, "when [an] Act deprives the Attorney General of the discretion to act, a challenge to that lack of statutory authority is not barred as a challenge to the exercise of discretion." *Tazu*, 975 F.3d at 298. On the other hand, in a brief non-binding opinion, this Circuit has also held that a district court lacked jurisdiction to review a plaintiff's claim about ICE's violation of an automatic stay of removal pursuant to 8 C.F.R. § 1003.25(b), reasoning that the claim arose from the Attorney General's "decision or action … to … execute removal orders." *See Merritt v. U.S. Immigr. & Customs Enf't*, 737 F. App'x 66, 67 (3d Cir. 2018) (per curiam) ("This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent." *Id.* at n*).

This Court need not decide whether this Circuit's case law is irreconcilable on this issue, and presumes, for purposes of this Opinion, that courts in this District must follow *Tazu v. Attorney General of the United States*—a precedential, published opinion—rather than find *Merritt v. United States Immigration and Customs Enforcement*—a non-precedential, unpublished opinion—persuasive. *See U.S. v. Turley*, 891 F.2d 57, 60 (3d Cir. 1989) ("our Internal Operating Procedures make clear that only published opinions of this court are regarded as precedential"); *Deangelo v. LVNV Funding LLC*, No. 18-15689, 2020 WL 3468061, at *5 (D.N.J. June 25, 2020) (noting that a "non-precedential opinion" was "merely persuasive" and "not binding authority"). In *Tazu*, the

court highlighted the distinction between the government's discretion and authority to execute a removal order, and as discussed, emphasized that "a challenge to [a] lack of statutory authority is not barred as a challenge to the exercise of discretion." 975 F.3d at 298.

Here, Plaintiff challenges the government's authority to execute his removal order, as his claims "stem from ICE's [alleged] failure to obey the statutorily imposed mandatory stay provision under" 8 C.F.R. § 1003.23(b)(4)(ii)[3] and 8 U.S.C. § 1229a(b)(5)(c).[4] (*See* Compl. ¶¶ 1, 19, 32, 36); *see also Avalos-Palma*, 2014 WL 3524758, at *8. In other words, they arise from "ICE's [alleged] failure to abide by the stay, not from the execution of his removal order." *See Avalos-Palma*, 2014 WL 3524758, at *8. Additionally, the Court finds persuasive the fact that other federal courts throughout the United States have also reached the conclusion that § 1252(g) does not bar jurisdiction where a plaintiff challenges the government's authority to execute a removal order in contravention of a statutory or court-ordered stay of removal. *See, e.g.*, *id.*; *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) (finding that the district court had jurisdiction over the plaintiff's claims that he was deported in violation of a court-ordered stay of removal); *Roe v. United States*, No. 18-2644, 2019 WL 1227940, at *3-4 (S.D.N.Y. Mar. 15, 2019) (finding that the district court had jurisdiction over the plaintiff's claims that he was deported in violation of a

[3] In relevant part, 8 C.F.R. § 1003.23(b)(4)(ii) provides that the filing of a "motion to reopen" may rescind "[a]n order of removal entered in absentia or in removal proceedings …," and "[t]he filing of a motion under this paragraph (b)(4)(ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge."

[4] In relevant part, 8 U.S.C. § 1229a(b)(5)(c) provides that a removal order "may be rescinded … upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice …," and that "[t]he filing of the motion to reopen … shall stay the removal of the alien pending disposition of the motion by the immigration judge."

statutory mandatory and automatic stay).

Accordingly, the Court does not conclude that § 1252(g) bars it from exercising subject matter jurisdiction over Plaintiff's claims on the facts alleged.

**2. Section 1252(b)(9) Strips This Court of Jurisdiction**

Defendants also argue that this Court lacks subject matter jurisdiction over Plaintiff's claims under § 1252(b)(9) because Plaintiff's removal proceedings are ongoing. (Mot. at 9.) Plaintiff argues that § 1252(b)(9) does not apply because "there is no final order from which to petition, and no future petition for review of whatever order may one day issue [which] could remedy ICE's September 2025 conduct or order Plaintiff's return." (Opp. at 5.)

To determine whether § 1252(b)(9) applies and strips this Court of jurisdiction over Plaintiff's claims, the Court must "(1) identify the action taken or proceeding brought to remove" Plaintiff and (2) "satisfy" itself that Plaintiff's "challenges aris[e] from that action or proceeding." *See E.O.H.C. v. Sec'y, U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020). Here, the relevant "action taken" is Plaintiff's removal to the Dominican Republic. (*See* Compl. ¶ 19; PI Mot. at 1, 4.) The critical question is whether Plaintiff's claims "aris[e] from" that removal. *See Khalil v. President, U.S. of Am.*, 164 F.4th 259, 273 (3d Cir. 2026).

The Court begins by addressing the scope of 8 U.S.C. § 1252(b)(9). Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]." *See id.* Section 1252(b)(9) strips jurisdiction of claims *arising out* of final removal orders, not just of challenges to final removal orders themselves. *See id.* at 277 (noting that in *Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018), the United States Supreme Court abrogated the Third Circuit case that previously limited §

1252(b)(9)'s scope to challenges to final removal orders); *Jennings*, 583 U.S. at 294-95 (noting that § 1252(b)(9) does not present a jurisdictional bar where plaintiffs do not seek review of an order of removal, challenge the decision to seek removal, or challenge any part of the process by which their removability is determined); *E.O.H.C.*, 950 F.3d at 184 ("District courts . . . lack jurisdiction to review most claims that even relate to removal . . . [b]ecause judicial review of a final order of removal is available only in the court of appeals, district courts cannot review these 'arising from' claims either."); *Tazu*, 975 F.3d at 299 (finding that § 1252(b)(9) eliminated the district court's jurisdiction over the plaintiff's claim about his re-detention pending removal because "the legal questions he raise[d] about the scope of the Attorney General's discretion to re-detain him [we]re bound up with (and thus 'aris[e] from') an 'action taken' to remove him ....").

Here, while Plaintiff does not ask this Court to review, vacate, or stay the 2019 *in absentia* removal order, he challenges ICE's decision to remove him despite the attachment of the automatic stay. (*See* Compl. ¶¶ 1, 19; PI Mot. at 1, 4.) Plaintiff's claim that his removal violated the automatic stay challenges ICE's decision to remove him to the Dominican Republic, and is directly "bound up with" and thus arises from an action taken to remove him. *See Tazu*, 975 F.3d at 299; *Khalil*, 164 F.4th at 276 (finding that § 1252(b)(9) barred jurisdiction over a plaintiff's claims under the First and Fifth Amendments and the Administrative Procedure Act because addressing the claims "would require deciding whether removing [the plaintiff] would be unlawful"); *but see Perdomo Reynaud v. Lyons*, No. 26-5905, 2026 WL 1674229, at *3 n.2 (D.N.J. Jun. 10, 2026) (finding § 1252(b)(9) did not bar jurisdiction where a plaintiff did not ask the Court to review a removal order, challenge the decision to seek removal, or challenge the process by which removability was determined).

Next, the Court must determine whether Plaintiff seeks relief that courts "cannot

meaningfully provide alongside review of a final order of removal." *E.O.H.C*, 950 F.3d at 184. In doing so, the Court "must ask: If not now, when?" *See id.* If the answer is that courts can "never" meaningfully provide Plaintiff's sought-after relief or review Plaintiff's claim through the Petition for Review ("PFR") process, "§ 1252(b)(9) poses no jurisdictional bar." *See Khalil*, 164 F.4th at 274 (quoting *E.O.H.C*, 950 F.3d at 186). But "[d]istrict courts play little if any role" when "aliens can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a PFR to a court of appeals …." *Id.* at 274. And a "now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a PFR" for there to be no jurisdictional bar— "[i]t is not enough to assert an injury that cannot be remedied later." *See id.* at 274-75 (emphasis in original).

Plaintiff broadly claims that his alleged removal in violation of an automatic stay is conduct that "no immigration tribunal can review and no petition for review can reach." (*See* Opp. at 5.) But Plaintiff presents no authority explaining why this is the case. And while there is no exact precedent on this issue, the Court notes that the Third Circuit has considered claims raising legal and factual questions about removal in violation of an automatic stay through the PFR Process. *See In re Contant*, 464 F. App'x 54, 54 (3d Cir. 2012) (noting that the court "ha[d] the ability to review" the plaintiff's alleged removal in violation of an automatic stay of removal "in the context of his timely-filed petition for review"); *Bejar v. Ashcroft*, 324 F.3d 127, 132-33 (3d Cir. 2003) (reviewing a plaintiff's claims about his automatic stay of removal on her petition for review). This Circuit has also similarly concluded that claims brought under the Fifth Amendment, *Accardi* Doctrine, and APA related to the government's execution of a removal order are reviewable in the PFR process. (*See* Compl. ¶¶ 31-41); *see Khalil*, 164 F.4th at 276-77. Finally, the Court again notes that Plaintiff's removal proceedings are reopened and pending before the Immigration Court.

(*See* Compl. ¶ 21.) Given Plaintiff's unsupported argument and the lack of case law on this issue, this Court cannot at this time determine that Plaintiff's claims are unable to be meaningfully reviewed in the PFR Process.

Accordingly, § 1252(b)(9) deprives this Court of subject-matter jurisdiction over Plaintiff's claims. Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice.

## I. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**, and Plaintiff's Motion for an Order to Show Cause is **DENIED** as **MOOT**.[5] Plaintiff has thirty (30) days to file an amended complaint addressing the deficiencies outlined above. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Andre M. Espinosa, U.S.M.J.
Parties

[5] When evaluating a motion to dismiss and a motion for a preliminary injunction concurrently, courts in this district frequently deny the preliminary injunction motion as moot when granting the motion to dismiss. *See, e.g.*, *Save Long Beach Island v. U.S. Dep't of Commerce*, 721 F. Supp. 3d 317, 324 n.3 (D.N.J. 2024); *Nolan by and through Callinan v. Jacobs*, No. 22-4860, 2022 WL 17361511, at *5 (D.N.J. Nov. 30, 2022).